# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW V. SALINAS,<br><br>             Plaintiff,<br><br>   v.<br><br>KENNETH J. POGUE, et al.,<br><br>             Defendants. | Case No. 1:16-cv-00520 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>[ECF No. 6] |

Plaintiff Matthew V. Salinas ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 14, 2016.  He consented to the jurisdiction of the Magistrate Judge on August 19, 2016.  Pending before the Court is Plaintiff's motion for preliminary injunctive relief, filed June 30, 2016.

A preliminary injunction is an extraordinary remedy never awarded as of right.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  For each form of relief sought in federal court, Plaintiff must establish standing.  *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) (citation omitted); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely

that a favorable judicial decision will prevent or redress the injury. *Summers*, 555 U.S. at 493 (quotation marks and citation omitted); *Mayfield*, 599 F.3d at 969. Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Here, Plaintiff requests injunctive relief with regard to allegations of religious freedom violations, religious discrimination, disability discrimination, harassment and reprisal for filing appeals and complaints. In support of his allegations, Plaintiff complains that he has been refused access to vocational schooling because he will not go through a screening detector without the use of his walker. He further complains that his 602 appeals are being improperly screened out. Also, he alleges that he was not given his religious meal on two occasions, and was ridiculed and harassed.

The Court does not find that Plaintiff's arguments merit the extraordinary remedy of a preliminary injunction. Plaintiff has not demonstrated the existence of any threat of an injury that is concrete, particularized, actual and imminent.

**ORDER**

Accordingly, Plaintiff's motions for preliminary injunctive relief is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **August 23, 2016**               /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE

2