UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW V. SALINAS,<br><br>           Plaintiff,<br><br>      vs.<br><br>KENNETH J. POGUE, et al.,<br><br>           Defendants. | 1:16-cv-00520-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT<br>(ECF No. 26.)<br><br>ORDER FOR CLERK TO FILE  SECOND AMENDED COMPLAINT LODGED ON JANUARY 30, 2017<br>(ECF No. 27.) |

## I.     BACKGROUND

Matthew V. Salinas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On April 14, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On November 17, 2016, the First Amended Complaint was filed pursuant to Plaintiff's motion for leave to amend. (ECF No. 25.) On January 23, 2017, Plaintiff filed a motion to file a Second Amended Complaint. (ECF No. 26.) On January 30, 2017, Plaintiff lodged a proposed Second Amended Complaint. (ECF No. 27.

Plaintiff's motion to file a Second Amended Complaint is now before the court.

## II.   LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint and no other party has appeared in this case, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### Discussion

Plaintiff seeks to amend the complaint to add a Doe Defendant that he has identified and wishes to add the Defendant and the allegations against the Defendant. The court finds no bad faith or futility in Plaintiff's proposed amendment. Because the First Amended Complaint awaits the court's requisite screening and has not been served, there will be no undue delay or prejudice to Defendants in allowing Plaintiff to proceed with the Second Amended Complaint. Therefore, Plaintiff's motion to amend the complaint shall be granted, and the Second Amended Complaint shall be filed.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file a Second Amended Complaint, filed on January 23, 2017, is GRANTED;

///

2. The Clerk is directed to file the proposed Second Amended Complaint which was lodged on January 30, 2017; and

3. The Second Amended Complaint shall be screened in due course.

IT IS SO ORDERED.

Dated: **February 22, 2017**               **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE