UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW V. SALINAS,<br><br>  Plaintiff,<br><br>  vs.<br><br>KENNETH J. POGUE, et al.,<br><br>  Defendants. | 1:16-cv-00520-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, GRANTING MOTION FOR EXTENSION OF TIME, AND GRANTING REQUEST FOR COPY OF COMPLAINT**<br>(ECF Nos. 34, 35.)<br><br>**SIXTY-DAY DEADLINE TO EITHER:**<br><br>   **(1)  FILE THIRD AMENDED COMPLAINT**<br><br>   **OR**<br><br>   **(2)  NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY WITH CLAIMS FOUND COGNIZABLE BY COURT**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF COPY OF SECOND AMENDED COMPLAINT AND EXHIBITS**<br>(ECF No. 29.) |

**I.   BACKGROUND**

Matthew V. Salinas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On April 14, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

1

On August 19, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 14.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On November 3, 2017, Plaintiff filed a motion for appointment of counsel. (ECF No. 34.) On November 6, 2017, Plaintiff filed another motion for appointment of counsel, a motion for an extension of time, and a request for a copy of the Second Amended Complaint. (ECF No. 35.)

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this juncture, Plaintiff has been granted leave to either file a Third Amended Complaint or proceed with the claims found cognizable by the court in the Second Amended Complaint. Therefore, there is presently no complaint on file in this case with which to proceed, and the court cannot make a determination that Plaintiff is likely to succeed on the merits. Based on the record in this case, Plaintiff is able to adequately articulate his claims and respond to the

///

court's orders.  Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### III. MOTION FOR EXTENSION OF TIME

Plaintiff requests an extension of time to respond to the court's September 21, 2017, order, which requires him to either file a Third Amended Complaint or proceed with the claims found cognizable by the court in the Second Amended Complaint.  Plaintiff seeks additional time because he is a county jail inmate and has limited access to legal resources via the law library.  Plaintiff explains that he is only permitted to request five legal resources per month.

Plaintiff shows good cause for a sixty-day extension of time.  Should Plaintiff require more time, he should file another request for extension of time before the prior deadline expires.

### IV. REQUEST FOR COPY OF SECOND AMENDED COMPLAINT

Plaintiff requests a free copy of his Second Amended Complaint.  Plaintiff is advised that the Clerk does not ordinarily provide free copies of case documents to parties.  The Clerk charges $.50 per page for copies of documents.  See 28 U.S.C. § 1914(a).  Copies of up to twenty pages may be made by the Clerk's Office at this court upon written request and prepayment of the copy fees.  The fact that the court has granted leave for Plaintiff to proceed in forma pauperis does not entitle him to free copies of documents from the court.

Plaintiff asserts that his copy of the Second Amended Complaint was lost when he accidentally left it at the "Rehab. New Life."  (ECF No. 35 at 2.)  Plaintiff also asserts that he is indigent and cannot afford to pay the court's copy fees.

In this instance, the court shall make an exception and provide Plaintiff with a free copy of his Second Amended Complaint.  **Plaintiff is advised that in the future he should take care to retain copies of any documents he sends to the court.**

### V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED, without prejudice;
2. Plaintiff's motion for extension of time is GRANTED;

3. Within 60 days of the date of service of this order, Plaintiff shall respond to the court's September 21, 2017, order by either:
   (1) Filing a Third Amended Complaint, or
   (2) Notifying the court that he is willing to proceed with the Second Amended Complaint on the claims found cognizable by the court;
4. Plaintiff's request for a free copy of his Second Amended Complaint is GRANTED; and
5. The Clerk is DIRECTED to send Plaintiff a copy of the Second Amended Complaint <u>and its exhibits</u>, filed on February 22, 2017 (ECF No. 29).

IT IS SO ORDERED.

Dated: **November 8, 2017**      **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE