UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW V. SALINAS,<br><br>        Plaintiff,<br><br>   vs.<br><br>KENNETH J. POGUE, et al.,<br><br>        Defendants. | 1:16-cv-00520-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDER**<br>**(ECF No. 63.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

Matthew V. Salinas ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Third Amended Complaint, filed on January 17, 2018, against defendants K. Gomness and P. Palmer ("Defendants") in their official capacities for intentional discrimination in violation of the ADA.[1] (ECF No. 44.) On July 6, 2018, Defendants filed a motion to dismiss the Third Amended Complaint, which is pending. (ECF No. 58.)

On August 9, 2018, the court issued an order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendants' motion to dismiss within thirty days. (ECF No. 63.).

---

[1] All other claims and defendants were dismissed from this action by the court on April 27, 2018. (ECF No. 51.)

1

The thirty-day time period has now expired, and Plaintiff has not filed an opposition, a statement of non-opposition, or any other response to the motion to dismiss or to the court's order. Therefore, Plaintiff failed to comply with the court's August 9, 2018, order.

**II. DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER**

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since April 14, 2016. Plaintiff's failure to comply with the court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not defend against a motion to dismiss his case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the motion to dismiss that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the court's order of August 9, 2018.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen (14) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 21, 2018**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE